UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | B/K Case No. 08-07830-DD |
| WILLIAM FOURNIER and <br> ERICA FOURNIER | Chapter 7 |
| Debtors. | |
| KEVIN CAMPBELL, TRUSTEE | Adversary Proceeding <br> No. 12- |
| Plaintiff, | |
| v. | **COMPLAINT** |
| ERICA FOURNIER | |
| Defendant. | |

The Plaintiff, Kevin Campbell, Trustee, complaining of the Defendant Erica Fournier would respectfully show unto this Honorable Court that:

1. The Debtors filed for Chapter 13 relief on December 4, 2008, and was subsequently converted to Chapter 7 on June 1, 2012.

2. Kevin Campbell (the "Plaintiff"), is the duly appointed, qualified, and acting Trustee in the above-captioned Chapter 7 case.

3. This Court has jurisdiction over the within action pursuant to 28 U.S.C. §1334 and 28 U.S.C. § 157, and this is a core proceeding as defined under 28 U.S.C. § 157.

4. This is an action seeking the denial of the discharge of the Defendant pursuant to 11 U.S.C. §727 and Rule 7001(4) of the Bankruptcy Rules of Civil Procedure.

**FACTS**

5. The original Schedule B filed with the Court on December 4, 2008, the

1

Defendant indicated on section 9 "interests in insurance policies,..." as NONE.

6. The Defendants' schedules were signed under the penalty of perjury that the information contained on the schedules were true and correct.

7. The Plaintiff is informed and believes that as of the filing of the bankruptcy case the Defendants were owners of at least one life insurance policy for which Erica Fournier was listed as the beneficiary.

8. Shortly after the bankruptcy case was converted, but prior to the Chapter 7 Meeting of Creditors, William Fournier passed away, leaving the Defendant as the sole beneficiary under his will, trusts and life insurance policies.

9. The Plaintiff is informed and believes that pursuant to 11 U.S.C. §541(a)(5) the Defendant's rights as the beneficiary became property of the bankruptcy estate.

10. Subsequent to the conversion of this case, the Defendant received approximately Five Hundred Fifty Thousand ($550,000.00) Dollars as a life insurance benefit.

11. Although the Defendant has filed amended schedules with the Court, the Plaintiff is informed and believes that the schedules, statements and other documents filed with the Court are still not correct.

## AS A FIRST CAUSE OF ACTION
(Denial of Discharge pursuant to 11 U.S.C. §727(a)(4))

12. The Plaintiff incorporates by reference paragraphs One (1) through Eleven (11) as if repeating each herein verbatim.

13. Upon information and belief, prior to and subsequent to the filing for bankruptcy relief, the Defendant thoroughly reviewed her bankruptcy petition, schedules,

statements and other documents which were filed with the Bankruptcy Court.

14. The Defendant signed her initial petition, schedules and statements and amendments thereto, under the penalties of perjury, asserting that they were complete, true and correct.

15. At the Chapter 13 Meeting of Creditors and again at the Chapter 7 Meeting of Creditors, the Defendant was placed under oath and testified that her schedules were complete, true and correct.

16. The Defendant, having reviewed the various schedules and statements prior to signing them under the penalties of perjury, knew, or should have known that the sworn statements contained in the original and attempted amended schedules were not true, complete or correct.

17. The Defendant, with the intent to defraud the Court and her creditors, hid assets from the Court, by failing fully disclose assets through the filing of schedules and amendments.

18. The failure to adequately disclose the assets through filing amendments with the Court has adversely impacted the estate and its creditors and has cause delay in the administration of this estate.

19. The Defendant knew or should have known of the numerous errors and omissions in her schedules. Even a rudimentary examination of the schedules by the Defendant should have revealed several of these errors and omissions.

20. Instead, the Defendant chose to act in a cavalier manner demonstrating a reckless indifference to the truth and accuracy of her Schedules and amendments.

21. The false statements and omissions pertain to material matters, as they

relate to the assets of the estate.

22. The discharge of the Defendant should be denied pursuant to 11 U.S.C. §727(a)(4).

### AS A SECOND CAUSE OF ACTION
(Denial of Discharge pursuant to 11 U.S.C. §727(a)(2)(B))

23. The Plaintiff incorporates by referenced paragraphs One (1) through Twenty-Two (22) as if repeating each herein verbatim.

24. After the filing of this bankruptcy case, the Defendant was given an opportunity to fully and completely disclose all assets.

25. Instead, the Defendant, through actions and/or inactions, and with the intent to hinder, delay or defraud the Court and her creditors, attempted to conceal this property of the estate, by not disclosing this asset for almost four (4) years after the case was filed.

26. The Defendant should be denied her discharge pursuant to 11 U.S.C. §727(a)(2)(B).

WHEREFORE, the Plaintiff prays that this Court deny the Defendant discharge pursuant to 11 U.S.C. §727(a)(4); §727(a)(2)(B) and for such other and further relief this Court deems just and equitable.

    Respectfully submitted,

    CAMPBELL LAW FIRM, P.A.

    /s/ Michael H. Conrady
    MICHAEL H. CONRADY
    Attorney for Trustee/Plaintiff
    Post Office Box 684

Mt. Pleasant, South Carolina
This 30th day of November, 2012.

Mt. Pleasant, SC 29465
(843) 884-6874 /884-0997 (fax)
District Court I.D. No. 5560
mconrady@campbell-law-firm.com